## LEVY *v.* O'LEARY.

TRIAL—STIPULATION TO DISCONTINUE — PLEADING—EVIDENCE—IN-STRUCTIONS.

> A stipulation for the discontinuance of an action upon a promissory note against an indorser recited that the suit had been compromised and settled in full.    Plaintiff thereafter instituted a new action upon the note, setting up in a special count that he had stipulated to discontinue the former case upon defendant's promise to give him a new note, and that the promise had never been fulfilled.    Defendant, upon the trial, claimed that the note sued upon was turned over by him in payment of plaintiff's claim, and that it was never protested, so as to hold him as an indorser; that the agreement to discontinue the former suit was unconditional, except as shown by the stipulation itself.    Plaintiff's testimony tended to show that the note was taken merely as collateral security, and that the conditions of the discontinuance of the former suit were as set up in his declaration.    The jury were instructed that plaintiff could not recover if the note was taken in payment, or if the controversy had been settled by stipulation; but that if a fraud was practiced upon the plaintiff in the settlement, and the note was taken as collateral security merely, he should recover.    *Held,* that the case was fairly submitted under the pleadings and the evidence.

Error to Wayne; Frazer, J.    Submitted June 8, 1897. Decided June 28. 1897.

*Assumpsit* by Julius J. Levy against Michael O'Leary upon a promissory note. From a judgment for plaintiff, defendant brings error. Affirmed.

The stipulation referred to in the opinion was in the following language:

" This case having been this day compromised and settled in full, it is hereby stipulated and agreed between the parties that the same may be and hereby is discontinued, without further costs or expenses to either party; each party paying his own costs and expenses to date, if any."

*Charles C. Stewart* (*William L. January*, of counsel), for appellant.

*Franklin L. Lord*, for appellee.

LONG, C. J. This cause was commenced in justice's court. The declaration was upon the common counts in *assumpsit*, with a copy of a note attached, dated April 15, 1893, for $90, due in six months, with interest at 6 per cent., signed by Oliver M. Dicks, and indorsed by Michael O'Leary. There was also a special count, setting up the fact that a previous suit had been commenced on the note in justice's court, that judgment had been rendered in favor of the plaintiff, from which an appeal had been taken by the defendant to the circuit court, and that there an agreement and stipulation had been entered into to discontinue said suit, on condition that the defendant give to the plaintiff a new note of $90, with good indorsement, payable in four months; that such stipulation was signed and discontinuance entered; but that defendant had wholly failed to give such new note, though often requested. Defendant pleaded the general issue, with notice of former suit and settlement thereof. On the trial before a jury, plaintiff had verdict and judgment.

On the trial, plaintiff introduced testimony tending to show that he received the note from the defendant; that at that time defendant owed him $45 on a note; that in taking the $90 note, signed by Dicks, he returned the

defendant his note, and gave him $45 worth of goods; that he told defendant he was not willing to take the note as payment, but would take it until it was due as security; that he did not know Dicks, and that he would hold defendant for the payment; that defendant indorsed the note; that it was never protested for nonpayment; that, the note not being paid, he brought suit upon it; that, after this suit was appealed to the circuit, he entered into an agreement to discontinue it, the condition being that the defendant should give him a new note of $90; that, after signing the stipulation to discontinue, the defendant refused to give the new note. The defendant claims that the Dicks note was given in payment; that it was never protested, so as to hold him as an indorser; that he never agreed to give a new note as a condition to a discontinuance of the former suit, but that the whole agreement was contained in the stipulation. At the close of the trial, the defendant asked the court to charge substantially:

1. That the defendant was not liable as indorser upon the note.

2. That, if the defendant turned the note over to plaintiff in payment, the plaintiff could not recover.

3. That, if the settlement was deliberately made between the parties, it was binding upon them.

The court charged that, if the note was taken as payment, the·plaintiff could not recover; that, if the parties settled their controversies, that must end the case; but that if the jury found that a fraud was practiced upon the plaintiff in this settlement, and the note was taken as collateral security merely, and not as payment, the plaintiff should recover.

It is contended that the court permitted the case to go to the jury upon an entirely different theory than that claimed in the declaration. We think not. The second or special count of the declaration sets up the second theory of the plaintiff's claim; that is, that the defendant agreed to give a new note upon the discontinuance of the case. The jury evidently found that the original note

was taken as collateral security, and that the defendant agreed to give the new note upon a settlement and discontinuance of the original suit, and held the defendant liable for the payment which he agreed to make. We think there was evidence to sustain this contention, and that the case was fairly submitted upon this theory.

The judgment is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. HOOKER, J., did not sit.